IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIGOBERTO GARCIA SANCHEZ,

    Petitioner,

v.                                                                              No. 1:25-cv-01219-KG-JFR

KRISTI NOEM, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Rigoberto Garcia Sanchez's Petition for a Writ of Habeas Corpus, Doc. 1, and Motion for Temporary Restraining Order, Doc. 14. The Court issued an Order to Answer, Doc. 4, on December 15, 2025, and has not received a written response from the Government. Because Mr. Garcia Sanchez's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below. His Motion for a Temporary Restraining Order is denied as moot in light of the Court granting his petition.

### I.    *Background*

Mr. Garcia Sanchez, a citizen of Mexico, entered the United States without inspection "over 22 years ago and was not apprehended upon arrival." Doc. 1 at 2.

On November 3, 2025, DHS arrested Mr. Garcia Sanchez in Redmond, Washington. *Id.* at 4. Mr. Garcia Sanchez remains detained at the Cibola County Correctional Center. *Id.* at 1. Mr. Garcia Sanchez claims he has a statutory right to a bond hearing and the Government's failure to provide him one "violate[s] Petitioner's statutory rights under the INA and the Court's

1

judgment in *Maldonado Bautista*."[1]  *Id.* at 6.  He therefore seeks immediate release, or, in the alternative, a prompt bond hearing within seven days.  *Id.*

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Garcia Sanchez's detention and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Mr. Garcia Sanchez's detention.*

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this

---

[1] Petitioner argues that he is entitled to relief under the class-action order in *Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal.).  The Court resolves this case under § 1226 and therefore does not reach that issue.

2

second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with most district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Mr. Garcia Sanchez's detention. ICE arrested him twenty-two years after his initial entry into the United States and did not apprehend him at or near the border. Doc. 1 at 4. Accordingly, § 1225's mandatory detention provision does not apply because Mr. Garcia Sanchez effected an entry into the United States by living here for decades. *Pu Sacvin*, 2025 WL 3187432, at *3.

### B. *The remedy is a bond hearing where the Government bears the burden of proof.*

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Garcia Sanchez is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the

3

noncitizen" to show that detention is unwarranted, Mr. Garcia Sanchez's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

## IV.    *Conclusion*

The Court therefore grants Mr. Garcia Sanchez's petition, Doc. 1. The Court orders that the Government provide Mr. Garcia Sanchez with a bond hearing under § 1226(a) before an IJ within seven days of this Order. At that hearing, the Government must justify Mr. Garcia Sanchez's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release Mr. Garcia Sanchez.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. Garcia Sanchez with a bond hearing or released him.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.